JESSE MOORE, ET AL. *v.* HENRY D. ORMSBY, ET AL.

[Abstract Kentucky Law Reporter, Vol. 6—362.]

Construction of Terms of Will.

A died leaving a will giving certain real estate to trustees for the use of his daughters. The trustees held the property for their use until their death and then resigned. The daughters left children surviving them and the will stated that the trustees "holding same for the use and benefit of her issue on the same terms and trust herein created as to my daughters, so far as applicable." Held that since *the terms of the will are not clear as to limiting the estate of the* grandchildren to life estates that such children have the right to sell the same and that they hold an absolute title by inheritance.

APPEAL FROM LOUISVILLE CHANCERY COURT.

November 15, 1884.

OPINION BY JUDGE PRYOR:

The appellees in this case obtained the title to the lot of ground by devise from their grandfather, Jonas Crum, and instituted the present action for the purpose of selling it, alleging that the lot could not be divided without materially impairing its value.

Some of the children are infants but all before the court served with process and represented by their guardian. The lot was sold and the purchasers are here resisting the payment of the purchase money on the ground that the title is defective. The grandfather, Jonas M. Crum, devised this property to trustees for the use of the mother of the appellees. Those trustees resigned and now there is no trustee. These trustees held the property for the mother's use during her life and at her death they were to hold the same for the us and benefit of her issue upon the same terms and trust as herein created as to my daughter, so far as applicable. The devisor had two daughters and these appellees are the children of one of them. The appellants insist that the children of the daughter of the testator had a life estate and that by implication there is a devise over to their issue. What meaning is to be given to the words "holding same for the use and benefit of her issue on the same terms and trust herein created as to my daughters, so far as applicable" is not easily determined. The limitation to issue indefinitely would be

void and to create a limitation as to these appellees would be by implication only and this will not be done.  The power of alienation and the right to the use and control of the property devised, where it is certain the devisee is entitled to the beneficial interest absolutely, ought not to be withheld from the beneficiary upon the idea that a trust arises by implication that prohibits the disposal of the fee. If the testator intended to create such limitations or place restrictions on the power of sale it should have been so expressed or at least in such a manner as would enable the chancellor to arrive at the meaning of the words used without speculating as to the testator's intention.  Only one of the children is a girl and she an adult and the power to sell ought not to be taken from her upon a construction of the will when the intention of the testator is involved in so much doubt.

Judgment *affirmed.*

*W. O. & J. L. Dodd, for appellants.*

*James S. Pirtle, for appellees.*